FILED
SUPERIOR COURT
OF GUAM

2012 ... ? -7 ... 3: 5 I

CLERK OF COURT
BY:_____ __ __ __

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM0348-10 |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Motion to Dismiss Under People v. Rasauo) |
| | ) |
| | ) |
| | ) |
| SATO IKELAP, | ) |
| DOB: 06/18/1961 | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 18, 2012, for a hearing on Sato Ikelap's ("Defendant") Motion to Dismiss Under People v. Rasauo. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney General James C. Collins and Assistant Attorney General Lisa D. Hack appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

A Complaint was filed in the above captioned case on April 27, 2010, charging Defendant for Theft (As a Petty Misdemeanor). Complaint (Apr. 27, 2010). Accordingly, Defendant was summoned to appear before the Honorable Alberto E. Tolentino on June 23, 2010, to answer to the charges contained in the Complaint. Summons (May 21, 2010). Defendant failed to appear for arraignment on June 23, 2010. Declaration and Recommendation

of Magistrate Court (June 24, 2010). The Magistrate Court noted that "reasonable and diligent attempts were made by the Deputy Marshal to personally serve Defendant a copy of the summons, but without success." Id. Consequently, a Bench Warrant was issued on July 2, 2010, with bail affixed at Five Hundred Dollars ($500). Bench Warrant (Jul. 2, 2010). On May 3, 2011, Defendant was picked up by the Guam Police Department pursuant to the outstanding Bench Warrant. Return of Warrant (May 3, 2011). On that same day, a Return of Bench Warrant was held and Defendant was appointed counsel and subsequently released.

Defendant was arraigned on May 11, 2011, and pleaded not guilty. Superior Court of Guam Minute Entry Log No. 112834 (May 11, 2011). On June 20, 2011, Defendant filed a Motion to Dismiss the Case on De Minimis Grounds. Def's Motion to Dismiss Case on De Minimis Grounds (Jun 20, 2011). The People opposed Defendant's motion to dismiss. People's Opposition to Def's Motion to Dismiss (Aug. 4, 2011). The Court scheduled to hear the motion on August 8, 2011. Defendant was not present. Consequently, the Court continued the motion to dismiss for September 26, 2011. Defendant was not present at that hearing and the Court continued the matter for October 24, 2011. The Court heard Defendant's motion on October 24, 2011 and denied it on November 15, 2011. Decision & Order: Motion to Dismiss on De Minimis Grounds (Nov. 15, 2011).

On December 13, 2011, Defendant filed a Motion to Dismiss under People v. Rasauo. Def's. Motion to Dismiss Under People v. Rasauo (Dec. 13, 2011). The People filed an opposition to Defendant's motion. People's Opposition to Motion to Dismiss (Jan 3, 2012). The Court held a motion hearing on January 18, 2012, and now issues this Decision.

**DISCUSSION**

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant contends that the record does not indicate the reason for such delay beyond the sixty day rule created by the decision in People v. Rasauo, 2011 Guam 14. Def's Notice of Motion and Motion to Dismiss Under People v. Rasuao (Dec. 13, 2011). Defendant further notes that he was not arraigned until one year after the People filed the Complaint. Id.

The People oppose this motion arguing that good cause is shown for the delay in Defendant's arraignment.

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14, ¶ 14. This Court notes that Rasauo II articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Rasauo II ¶ 14. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Rasauo II ¶ 14

In the instant case, Defendant was initially set for an arraignment on June 23, 2010. Defendant failed to appear, thus compelling the Magistrate Court to recommend a Bench Warrant. Declaration and Recommendation of Magistrate Court (Jun. 23, 2010). The Magistrate Court noted that "reasonable and diligent attempts were made by the Deputy Marshal to personally serve the defendant a copy of the summons, but without success." Id. Defendant's address and employment information were unknown. Summons (May 21, 2010). A Bench Warrant was issued on July 2, 2010. Pursuant to the Bench Warrant, Defendant was apprehended by the Guam Police Department on May 3, 2011, nearly a year later. Return of Warrant (May 3, 2011). "In view of the difficulty of locating people in a modern society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." State v. Greenwood, 845 P.2d 971, 979 (Wash. 1993). Hence, where law enforcement agents demonstrate "due diligence" in attempting to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the running of timing rules during periods where they are out of contact with the criminal justice system. Id.

The Court held a Return of Warrant Hearing immediately after Defendant was apprehended on May 3, 2011. Further, the Court appointed counsel for the Defendant and

released him on a $500 unsecured bail. From that point, the Court scheduled Defendant's arraignment for May 11, 2011. 8 G.C.A. § 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. Hamilton v. Alabama, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. See e.g. Huston v. Com., 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005).

Appropriately, the Court finds no violation committed by the People in this case pursuant to the holding in Rasauo II. Defendant would have been arraigned within sixty days prescribed by Rasauo II had he appeared on June 23, 2010, which totaled fifty-seven days from the time the Complaint was filed. Likewise, eight days had passed from the moment Defendant was brought to Court as a result of a Bench Warrant and his arraignment. This delay is explained in the preceding paragraph which inure to the Defendant's benefit.

For these reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

### CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

**SO ORDERED** this _7_ day of ___March___, 2012.

Trial Setting is set for April 2, 2012, at 10a.m.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAR 07 2012

**Amando D. Quitoriano**
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam